UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JEFF BROWN,

        Plaintiff,

-vs-                                            Case No. 5:06-cv-288-Oc-10GRJ

UNITED STATES OF AMERICA, and
STATE OF FLORIDA,

        Defendants.

_____

**O R D E R**

The Plaintiff, proceeding *pro se*, has filed a Complaint, (Doc. 1), seeking a declaratory judgment that the State of Florida must apply the "compelling interest/least restrictive means" balancing test, one of several legal doctrines traditionally used to address First Amendment free exercise of religion claims, to the Plaintiff in the event he is ever arrested and/or prosecuted for growing, selling, or distributing cannabis (marijuana).[1] The State of Florida has filed a motion to dismiss, (Doc. 6), to which the Plaintiff has responded, (Doc. 8). The Plaintiff has also filed a motion for summary judgment against the State of Florida, (Doc. 11), which is ripe for consideration. (Doc. 13). Because the Court finds that it is without subject matter jurisdiction over this case, the Court will grant

---

[1]The Plaintiff originally also sought similar declaratory relief against the United States of America. On January 5, 2007, the Plaintiff voluntarily dismissed without prejudice all claims against the United States, (Doc. 19), and the Court dismissed the United States from this case on January 18, 2007. (Doc. 20).

the State of Florida's motion to dismiss and deny as moot the Plaintiff's motion for summary judgment.

## **Factual Background and Procedural History**

The Plaintiff contends that he is a practicing Rastafarian and uses marijuana as a holy sacrament in his religious exercise. The Plaintiff claims that marijuana is essential to his religious practice, and that he uses marijuana "to heal body, mind and spirit and to realize the God that lives within."[2] Throughout his life, the Plaintiff has used marijuana, and has lived in fear of arrest and prosecution under both state and federal laws which prohibit the possession and distribution of marijuana. He currently obtains his marijuana on the "black market," although the Plaintiff desires the freedom to grow a few marijuana plants in his home, use them, and share them with "like-minded individuals."[3]

On February 12, 2002, the Plaintiff filed a complaint for declaratory relief in the Circuit Court of the Fifth Judicial Circuit of Florida, In and For Lake County, in which he asked the court to clarify if the Florida Religious Freedom Restoration Act, Fla. Stat. §§ 761.01, *et seq.* ("Florida RFRA"), granted him the right to the compelling interest/least restrictive means balancing test in regard to his use of marijuana in his religious practice.[4]

---

[2]Affidavit of Jeff Brown at ¶ 1, attached to Complaint.

[3]Complaint at pp. 1, 3.

[4]The Florida RFRA provides that the State of Florida "shall not substantially burden a person's exercise of religion, even if the burden results from a rule of general applicability, except that government may substantially burden a person's exercise of religion only if it demonstrates that application of the burden to the person: (a) is in furtherance of a compelling government
(continued...)

In particular, the Plaintiff argued that Florida's interpretation of § 761.05(4) of the Florida RFRA, which expressly exempts from its coverage Florida's Drug Abuse and Prevention Laws, Fla. Stat. Ch. 893, "is unconstitutional as a government preference for some religions over those who use certain controlled substances as religious sacraments."[5] The circuit court, upon motion by the State of Florida and relying upon § 761.05(4), dismissed the Plaintiff's case with prejudice on May 4, 2004.[6] The Plaintiff appealed to the District Court of Appeal for the Fifth District of Florida, which affirmed the trial court's dismissal on November 16, 2004. On January 27, 2005, the Florida Supreme Court denied the Plaintiff's petition for a writ of certiorari.

Having admittedly exhausted his remedies in the Florida courts, the Plaintiff filed the present Complaint, in which he seeks declaratory relief against both the United States of America and the State of Florida. With the exception of adding the United States as a Defendant and referencing both the Federal Religious Freedom Restoration Act, 42 U.S.C. §§ 2000bb, *et seq.*, ("Federal RFRA"), and the First, Tenth and Fourteenth Amendments,

---

[4](...continued)
interest; and (b) is the least restrictive means of furthering that compelling governmental interest." Fla. Stat. § 761.03(1)

[5]Complaint at 9.

[6]The Plaintiff has not attached his original complaint in state court, or the State of Florida's motion to dismiss that action. Instead he summarizes his state court claims in his Complaint before this Court. He also explains that the State of Florida moved to dismiss his state court claims on the grounds that there is no right to the compelling interest/least restrictive means test with respect to the use of controlled substances such as marijuana because § 761.05(4) of the Florida RFRA expressly exempts Florida's drug laws.

it is quite clear that the Plaintiff's claims are identical to those raised before the Florida courts in his 2002 proceedings.  For example, the Plaintiff reiterates in his response to the State of Florida's motion to dismiss, in his motion for summary judgment, and in his reply to the State of Florida's response to his motion for summary judgment, that he is asking the Court for a declaration that the Florida RFRA entitles him to application of the compelling interest/least restrictive means balancing test in the event he is arrested and/or prosecuted for his marijuana use.[7]  Moreover, the Plaintiff has dismissed all claims against the United States, and is now proceeding solely against the State of Florida, and is seeking relief under the Florida RFRA and the Florida and United States Constitutions.[8]

## Discussion

It is well-settled that federal courts are without jurisdiction to review final state court judgments and cannot consider claims inextricably intertwined with a state court judgment where the same parties are involved in both the federal and state court actions. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923); Goodman ex rel. Goodman v. Sipos, 259 F.3d 1327, 1332 (11th Cir. 2001); Powell v. Powell, 80 F.3d 464, 466-67 (11th Cir.1996). This doctrine, better known as the Rooker-Feldman doctrine, prevents federal courts from

---

[7] See Doc. 8 at 1-2; Doc. 14 at 1; Doc. 17 at 8.

[8] The Plaintiff admittedly cannot seek relief against the State of Florida based on the Federal RFRA as the Supreme Court has held that the Federal RFRA is unconstitutional as applied to the states. Boerne v. Flores, 521 U.S. 507 (1997).

exercising jurisdiction over cases brought by "state-court losers" challenging "state-court judgments rendered before the district court proceedings commenced." Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284 (2005). This is exactly such a case.

In order for Rooker-Feldman to apply, the following criteria must be met: (1) there is identity of parties in both the federal and state court cases; (2) the prior state court ruling was a final or conclusive judgment on the merits; (3) the party seeking relief in federal court had a reasonable opportunity to raise its federal claims in the state court proceeding; and (4) the issue before the federal court was either adjudicated by the state court or is inextricably intertwined with the state court's judgment. See Storck v. City of Coral Springs, 354 F.3d 1307, 1310 n. 1 (11th Cir.2003). There can be no dispute that all four criteria have been met in this case. It is patently obvious that the claims alleged by the Plaintiff before this Court are virtually identical to those alleged before the Florida courts in his previous litigation - they involve the same parties, and reference the same state statutes and legal theories. Those claims have been fully resolved in the Florida courts, up through and including the Florida Supreme Court's denial of a petition for certiorari; and the claims were resolved on their merits.[9] Moreover, the Plaintiff does not even attempt to dispute these facts; rather he admits that "[t]he state courts have been exhausted so it is only

---

[9]See, e.g. Citibank, N.A. v. Data Lease Financial Corp., 904 F.2d 1498, 1501 (11th Cir. 1990) (dismissal of a complaint with prejudice satisfies the requirement that there be a final judgment on the merits).

5

logical that I take my claim into the federal realm."[10]  However, the Plaintiff's dissatisfaction with the way his claims were handled in the state courts does not give this Court jurisdiction to consider them anew.  The Plaintiff had a full and fair opportunity to litigate his claims in the Florida courts.  He cannot re-litigate them here.

The Plaintiff also attempts to create jurisdiction in this Court by referencing the First, Tenth, and Fourteenth Amendments to the United States Constitution.  This is also not sufficient.  Assuming for sake of argument that the Plaintiff did not raise these Amendments in his state court proceedings,[11] he could have easily done so during his several years of state court litigation.  Because the Plaintiff had the opportunity to raise his constitutional arguments at the state court level, Rooker-Feldman applies to divest this Court of jurisdiction.  The Plaintiff's reference to these Amendments at this stage is, if anything, little more than an invitation to exercise appellate jurisdiction over the final judgment of the Florida courts.  If the Plaintiff believes that the Florida courts' decisions violated his constitutional rights, his remedy was to seek review in the United States Supreme Court. See Feldman, 460 U.S. at 482-83; 28 U.S.C. § 1257.  Federal district courts simply cannot review the final judgment of a state court.  Exxon Mobil, 544 U.S. at 291-92.

---

[10]Plaintiff's Reply to State of Florida's Motion to Dismiss at 16.  (Doc. 8).

[11]Although the Plaintiff does not make clear in any of his pleadings in this Court whether his constitutional challenges in the state courts were based on either the United States or Florida Constitutions, given his legal acumen and his obvious knowledge of both state and federal law, it is highly doubtful that he did not raise any federal constitutional challenges during his state court proceedings.

The Plaintiff's assertion of jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201, is equally unavailing. In order to pursue declaratory relief under the Act, there must be an "actual controversy." 28 U.S.C. § 2201(a). That is, under the facts alleged, "there must be a substantial continuing controversy between parties having adverse legal interests." Emory v. Peeler, 756 F.2d 1547, 1552 (11th Cir. 1985). The controversy "may not be conjectural, hypothetical, or contingent; it must be real and immediate, and create a definite, rather than speculative threat of future injury." Id. (citing City of Los Angeles v. Lyons, 461 U.S. 95 (1983)). "The remote possibility that a future injury may happen is not sufficient to satisfy the 'actual controversy' requirement for declaratory judgments." Id.

There is no such case or controversy here. To be sure, when a plaintiff alleges an intention to engage in conduct arguably affected with a constitutional interest, but proscribed by statute, and there exists a credible threat of prosecution thereunder, he "should not be required to await and undergo a criminal prosecution as the sole means of seeking relief." Doe v. Bolton, 410 U.S. 179, 188 (1973); Septum, Inc. v. Keller, 614 F.2d 456, 459 (5th Cir. 1980). However, this is not such a case. The Plaintiff admittedly is not seeking approval to smoke marijuana, and he is not seeking to have any state statute overturned as unconstitutional. He is also not under threat of immediate prosecution. Instead, the Plaintiff is simply seeking a declaration from this Court as to what legal analysis the Florida courts should use in the off-chance he is arrested for growing, using, and/or distributing marijuana, and where the Plaintiff raises his state and federal constitutional rights to free exercise of religion as a defense. Such an attenuated

7

hypothetical scenario cannot create a justiciable case or controversy such that jurisdiction exists under the Declaratory Judgment Act.[12]  See Calderon v. Ashmus, 523 U.S. 740 (1998) (finding that there is no "actual controversy" where plaintiff seeks a declaratory judgment as to the validity of a defense the other party may or may not raise in a separate proceeding).

## Conclusion

Having determined that the Court is without subject matter jurisdiction over this case, and because it is clear that no amendments would create jurisdiction, the only appropriate course of action is to dismiss the case in its entirety.  Accordingly, upon due consideration, it is hereby ORDERED and ADJUDGED as follows:

(1)   The State of Florida's Motion to Dismiss, (Doc. 6), is GRANTED; and

(2)   The Plaintiff's Motion for Summary Judgment, (Doc. 11), is DENIED AS MOOT.

(3)   The Clerk is directed to enter judgment dismissing this case for lack of jurisdiction, terminate any further pending motions, and close the file.

IT IS SO ORDERED.

---

[12] It would appear that the chances the Plaintiff will be prosecuted are quite remote, particularly in light of the fact that he has repeatedly admitted to both state and federal prosecutors and courts that he has purchased and used marijuana all of his life, and yet has not been subject to any criminal prosecution.  See also Holt v. Crist, 06-14617, 2007 WL 1156938, at * 3 (11th Cir. April 19, 2007) ("the possibility that [the plaintiff] will be subject to criminal prosecution in the future is insufficient to state a claim for declaratory relief.").

DONE and ORDERED at Ocala, Florida this 4th day of September, 2007.

_____
UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record
             Jeff Brown, *pro se*